886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert GOINS, Petitioner-Appellant,
v.
Norris W. MCMACKIN, Supt., Respondent-Appellee.
 No. 88-3601.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1989.
 
 1
 Before DAVID A. NELSON and RYAN, Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robert Goins moves for counsel and a transcript at government expense and appeals from the district court's judgment denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Following a bench trial, Goins was convicted of using a firearm in committing a felonious assault, and subsequently pled guilty to carrying a concealed weapon. He was given concurrent sentences of two to fifteen years on the felonious assault conviction, and one to ten years on the concealed weapons conviction, plus three years actual incarceration for using a firearm in committing the assault, to be served concurrent with the other sentences.
 
 
 4
 In his petition, Goins claimed that the trial court erred in imposing a three year sentence of actual incarceration for an offense involving a firearm where the indictment did not contain the specification as required by Ohio Rev.Code Ann. Sec. 2941.141. He requested monetary and injunctive relief.
 
 
 5
 After reviewing the response, the magistrate's report and recommendation, and Goins's objections, the district court denied the petition as the indictment gave Goins adequate notice of the charges against him. Goins raises the same argument on appeal.
 
 
 6
 Upon consideration, we conclude that the district court properly denied the petition as the indictment was sufficient to put Goins on notice that he was charged with using a firearm in committing a felonious assault so that he could defend against this allegation, and, if convicted, could be sentenced for this crime.
 
 
 7
 An indictment is not unconstitutionally vague, and adequately notifies an accused of the charges against him, if it sufficiently apprises the accused of the crime charged, and if it sufficiently specifies the offense such that the accused could plead former jeopardy in a subsequent prosecution. See United States v. Piccolo, 723 F.2d 1234, 1238 (6th Cir.1983), cert. denied, 466 U.S. 970 (1984). The adequacy of the indictment must be assessed on its own merits, apart from whether or not it is a model example of an indictment which might have been more precise. See United States v. Conlon, 628 F.2d 150, 155-56 (D.C.Cir.1980), cert. denied, 454 U.S. 1149 (1982).
 
 
 8
 Although the challenged indictment did not strictly conform to the specific formula contained in Ohio Rev. Code Ann. Sec. 2941.141(A) for alleging a firearm specification, the indictment was sufficient to put Goins on notice that he was charged with using a firearm in committing the felonious assault. More specifically, the indictment clearly sets out Goins's alleged use of a firearm as defined in Ohio Rev.Code Ann. Sec. 2923.11 in committing a felonious assault. As a result, this indictment did not violate Goins's constitutional right to due process and fair notice of the charges against him.
 
 
 9
 For these reasons, the motions for counsel and transcript at government expense are hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation